UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANSEL WRE JOHNSON,

      Plaintiff,

v.                                         Case No.  4:18-cv-353-RH/MJF

SAMUEL CULPEPPER and
CHRISTOPHER HODGKENS,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before this court upon Plaintiff filing an amended complaint, pursuant to 42 U.S.C. § 1983, in which he alleges false imprisonment. (Doc. 5). The undersigned respectfully recommends that Plaintiff's complaint be dismissed because the alleged constitutional violation occurred more than four years prior to the filing of his complaint, and therefore this action is in violation of the statute of limitations.

**I.     Background**

Plaintiff contends he was incarcerated in a Florida Department of Corrections ("FDOC") facility from June 21, 2008, through April 29, 2014, for a total of "five

years, ten months, and eleven days."[1] (Doc. 1 at 5). Plaintiff alleges that on April 2, 2014, by order of the Florida Supreme Court, his conviction was reversed. (*id*.). Plaintiff was released from custody on April 29, 2014. (*id*.). He was never resentenced. (*id*.). Plaintiff contends that on the date of his release, he had been falsely imprisoned for ten months and eleven days, because the maximum sentence he could have received (had he been resentenced) would have been five years of imprisonment. (*id*.).

**II.   Discussion**

    **A.   <u>Duty to Review</u>**

This court is statutorily required to review the complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court

---

[1] Plaintiff's calculation is incorrect. Assuming Plaintiff was incarcerated from June 21, 2008, until April 29, 2014, he was incarcerated for a total of five years, ten months, and eight days. (Doc. 1 at 5).

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### B. Statute of Limitations

The running of the statute of limitations is a sufficient ground to justify dismissal of a claim for frivolity. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003); *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990). Likewise, when the statue of limitations has expired, a complaint may be dismissed for failure to state a claim upon which relief may be granted. *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). As the Supreme Court has stated: "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007). To dismiss a complaint as time-barred before service, however, it must "appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Leal v. Ga. Dep't of Corr.*, 254 F.3d at 1276, 1280 (11th Cir. 2001); *see Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)

Because § 1983 does not contain a specific statute of limitations, § 1988 directs courts to select and apply the most appropriate and analogous state statute of

limitations. *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 576 (1989); *Bd. of Regents, Univ. of New York v. Tomanio*, 446 U.S. 478, 488, 100 S. Ct. 1790, 1797 (1980); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S. Ct. 1716, 1721 (1975). The Supreme Court has further stated that courts should select the statute of limitations in each state that applies to tort actions for the recovery of damages for personal injury. *Owens*, 488 U.S. at 240-41, 109 S. Ct. at 577; *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 1947 (1985). Further, the Court stated that the statute, once selected, should govern all § 1983 actions arising in that state. *Wilson*, 471 U.S. at 275, 105 S. Ct. at 1946; *see also Jones v. Preuit & Mauldin*, 763 F.2d 1250, 1252 (11th Cir. 1985) (citations omitted). The applicable statute of limitations in Florida is four years. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999); *Baker v. Gulf & Western Indus.*, 850 F.2d 1480, 1481 (11th Cir. 1988); *see* Fla. Stat. § 95.11(3) (1991).

Although the court applies Florida law in this regard, federal law determines the date on which the statute begins to run. *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). The Eleventh Circuit has held that the statute of limitations begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown*, 335 F.3d at 1261 (citation omitted). Section

1983 claims, therefore, accrue when the plaintiff knows or has reason to know that he has been injured and is aware or should have been aware who has inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987); *see Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095 (2007) ("[T]he standard rule [is] that accrual occurs when the plaintiff has a complete and present cause of action."). While a plaintiff must have "a complete and present cause of action" to bring suit, the "cause of action accrues even though the full extent of the injury is not then known or predictable" once the wrongful act occurs. *Wallace*, 549 U.S. at 388, 391, 127 S. Ct. at 1095, 1097.

When, as here, state statutes of limitation are borrowed, state tolling principles are to be the "primary guide" of the federal court, *Johnson v. Railway Express Agency*, 421 U.S. 454, 465, 95 S. Ct. 1716, 1722 (1975); *Hawthorne v. Wells*, 761 F.2d 1514 (11th Cir. 1985), but the federal court may resort to federal tolling rules when those of the state are inconsistent with federal policy. *Board of Regents v. Tomanio*, 446 U.S. 478, 485-86, 100 S. Ct. 1790, 1795-96 (1980); *Hawthorne*, 761 F.2d at 1516-17.

In the present case, Plaintiff commenced this § 1983 action on August 20, 2018. (Doc. 1). He stated that the violation of his rights occurred between June 21, 2013, and April 29, 2014, the dates Plaintiff alleges he was falsely imprisoned. Plaintiff was released from the custody of the FDOC on April 29, 2014. Therefore,

the facts supporting Plaintiff's claim were apparent at least by April 29, 2014, when he was released from prison upon the reversal of his sentence. To be timely, therefore, Plaintiff's § 1983 action needed to be filed at least by April 29, 2018. Instead, Plaintiff waited until August 20, 2018, which exceeded his deadline by approximately four months. This action, therefore, is subject to dismissal on statute of limitations grounds. There are no applicable tolling provisions, the facts as alleged by the Plaintiff do not indicate that equitable tolling is applicable, and Plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights. His amended complaint, therefore, should be dismissed with prejudice for failure to state a claim and for frivolity.[2]

### III.  Conclusion

Accordingly, for the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[2] Before dismissing a complaint with prejudice for failure to state a claim, a court ordinarily should afford a plaintiff one opportunity to amend his complaint. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). In this case, Plaintiff was afforded such an opportunity and he filed an amended complaint.

2. The Clerk of Court be directed to close the case file.

At Panama City, Florida, this 19th day of March 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**