**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ANSEL WRE JOHNSON

     Plaintiff,

v.                                           CASE NO. 4:18cv353-RH/MJF

SAMUEL CULPEPPER and
CHRISTOPHER HODGKENS,

     Defendants.

_____/

**ORDER OF DISMISSAL**

This prisoner civil-rights case is before the court on the magistrate judge's report and recommendation, ECF No. 10, and the objections, ECF No. 11. I have reviewed de novo the issues raised by the objections. The recommendation is for dismissal of the action based on the statute of limitations. This order accepts the report and recommendation and adopts it as the court's opinion, with this additional note.

A Florida jury convicted Ansel Wre Johnson of domestic battery by strangulation. The court sentenced Mr. Johnson as a habitual felony offender based

on a prior Texas conviction. The sentence exceeded the five-year maximum that would have applied had Mr. Johnson not been treated as a habitual felony offender.

Mr. Johnson appealed. The appellate court disagreed with the treatment of Mr. Johnson as a habitual felony offender and reversed the sentence. *See Johnson v. State*, 137 So. 3d 518 (Fla. 4th DCA 2014). The court noted that Mr. Johnson had served more than the otherwise-applicable five-year maximum for this offense and remanded for a resentencing at which the state could assert Mr. Johnson was a habitual felony offender based on any other qualifying prior conviction.

There apparently was no other qualifying prior conviction. No resentencing occurred. Mr. Johnson was simply released. The release occurred on April 29, 2014. His time in custody exceeded the five-year maximum by more than ten months.

Mr. Johnson filed this action in the Northern District of Florida asserting the excessive incarceration was unconstitutional. He named two defendants: the individuals he asserts were, at the relevant time, the warden of the facility where he was held and the Secretary of the Florida Department of Corrections. Mr. Johnson signed the complaint and delivered it to prison authorities for mailing in July 2018, more than four years after he was released from custody. As the report and recommendation correctly concludes, the applicable statute of limitations is four years. This action is barred.

In his objections, Mr. Johnson says he filed an action in the Northern District of Texas in March 2018 based on the same excessive incarceration. He says the defendants in that action were the judge who sentenced him and the Florida Attorney General. That action was dismissed. Mr. Johnson does not explicitly assert that the pendency of that action tolled the statute of limitations for this action, and it plainly did not. The Texas action was obviously filed in the wrong venue, it was filed against different defendants, and it was dismissed, not transferred to this district. Nobody misled Mr. Johnson into believing he could proceed with that claim or this one in Texas.

Mr. Johnson also says the statute of limitations has not only not expired but that it has not even begun to run because he has not been resentenced on the underlying offense. But it was obvious, when Mr. Johnson was released, that he was not going to be resentenced; he has not asserted the contrary. If holding him for more than five years was unconstitutional as Mr. Johnson now alleges, he knew it in April 2014. When he filed this action in July 2018, it was too late. Dismissal of this action is proper based on the statute of limitations.

It bears noting, too, that the amended complaint fails to state a claim on which relief can be granted against the named defendants. It was not the Secretary of the Department of Corrections or the warden who treated Mr. Johnson as a

habitual felony offender or who sought or imposed a sentence greater than five years. This is an alternative basis for dismissal.

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted." The clerk must close the file.

SO ORDERED on April 7, 2019.

                                         s/Robert L. Hinkle
                                         United States District Judge